UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

TORRENCE HOLT BECKER

    v.                        Civil No. 24-cv-430-JL-TSM

NEW HAMPSHIRE DIVISION FOR
CHILDREN, YOUTH, AND FAMILIES, ET AL.

**REPORT AND RECOMMENDATION**

The court issued a report and recommendation on preliminary review of the complaint filed by self-represented plaintiff, Torrence Holt Becker. Doc. No. 10. On August 19, 2025, Becker filed an objection to the report and recommendation (Doc. No. 13). On the same day, Becker also filed a Motion to Supplement the Record (Doc. No. 14) and a Notice of Supplemental Authority (Doc. No. 15). The district judge construed both filings as addenda to the complaint and referred the complaint (Doc. No. 1) and addenda, for reconsideration of the report and recommendation on preliminary review. End. Or. Aug. 26, 2025. For the reasons that follow, the court concludes that Becker's supplemental filings provide no grounds to change the report and recommendation on preliminary review (Doc. No. 10).

**LEGAL STANDARD**

The court conducts a preliminary review of actions that are filed in forma pauperis to determine, among other things, whether the court has subject matter jurisdiction, whether a defendant is immune from the relief sought, and whether the complaint states an actionable claim. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). To determine whether the complaint states an actionable claim, the court uses the Federal Rule of Civil Procedure 12(b)(6) standard that requires the

complaint to contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); see also Bryan v. Simenson, No. 25-CV-00012-SM-TSM, 2025 WL 1880392, at *1 (D.N.H. June 30, 2025). Where, as here, plaintiff represents himself, the court construes his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**DISCUSSION**

In his complaint, Becker brought federal civil rights claims under 42 U.S.C. § 1983 and state law claims against the New Hampshire Division for Children, Youth, and Families ("DCYF"); the New Hampshire Department of Health and Human Services ("DHHS"); Catrina Horne; Jessica Surgento; Kimberley McKenney; William Brehm; and John and Jane Doe defendants. Becker moves to supplement his complaint (Doc. No. 14) to add a copy of the safety plan proposed by DCYF (Doc. No. 14-1); an email chain between Becker and CPSW Kimberley McKenney on October 7, 2024 (Doc. No. 14-2); an email chain between Becker and McKenney on October 29, 2024 (Doc. NO. 14-3); Becker's complaints to "DHHS Ombudsman" and other communications dated October 7 to November 20, 2024 (Doc. No. 14-4); a notice from DHHS about ending Becker's SNAP benefits (Doc. No. 14-5); and "Exhibit A" that begins with a notice from DHHS dated October 7, 2020, and concludes with Exhibit K that appears to be a document from DHHS. Becker filed additional supplemental documents in a separate filing (Doc. No. 15) that are a right to know request to DHHS dated July 17, 2025 (Doc. No. 15-1); a response to that request (Doc. No. 15-2); an "Administrative Appeal Package" dated June 6, 2025 (Doc. No. 15-2); a request by email from Becker for an extension of time for filing his appeal of a DCYF assessment (Doc. No. 15-3); an email from Becker about submitting the appeal (Doc. No. 15-4).

The court has reviewed all of the supplemental documents and concludes that they do not change the analysis or the outcome of the report and recommendation (Doc. No. 10).

## CONCLUSION

For these reasons, the court recommends that the district judge grant the motion to supplement (Doc. No. 14) and reports that the supplemental documents do not require amendment or alteration of the report and recommendation on preliminary review (Doc. No. 10).

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

Dated: August 28, 2025

cc: Torrence Holt Becker, pro se.