UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

TERRENCE BECKER

    v.                                                   Civil No. 24-cv-430-JL-TSM

NEW HAMPSHIRE DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, ET AL.

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff Terrence Becker moves to supplement the record with an exhibit, seeking to add a ruling from the Administrative Appeals Unit of the Department of Health and Human Services denying a motion to dismiss Becker's appeal of a decision by the New Hampshire Division for Children, Youth, and Families. Doc. No. 36. Because of Becker's practice of "repeatedly filing improper and immaterial supplements," on October 30, 2025, the court directed "Becker not to file any further motions to supplement his complaint until after a scheduling order issues." Doc. No. 34 at pg. 6. Becker, nevertheless, filed his motion to supplement the record on November 14, 2025, while Defendant Kim McKenney's motion to dismiss was pending and before a scheduling order issued in the case. Doc. No. 36.

Defendants objected to Becker's motion to supplement, in part because of the directive in the court's order. Doc. No. 41. Becker did not file a reply to explain his actions in violation of the court's order. Instead, Becker moved for exemption from PACER user fees, and in support stated that the exemption was necessary "to ensure [he] can read all Court orders immediately and comply with them strictly going forward." Doc. No. 42 at pg. 1. As an example, Becker represented that he was unable to view the court's order issued on October 30, 2025, that directed him not to file

supplements until after a scheduling order issued. Id. Becker further represented that because he was not able to access court orders through PACER, he "was unaware of the Court's specific instruction regarding supplemental filings, leading to the inadvertent procedural error of filing 'Exhibit W'" with his motion to supplement. Id. (citing Doc. No. 36).

Although Becker may not have had access to the court's orders through PACER, the court mailed him a copy of the order directing him not to file supplements on October 30, 2025, which is presumed to have arrived within three days, which would have been November 3 or 4. See Fed. R. Civ. P. 6(d). Becker, who states that he makes his filings in person at the court, did not file his motion to supplement until November 14. See Doc. No. 42 at pg. 1 (filings made in person); Doc. no. 36 (date of filing). Therefore, it appears that Becker filed the motion to supplement despite notice that he was directed not to make such filings until after a scheduling order issued. For that reason alone, the motion to supplement is denied.

In addition, despite the court's direction that Becker familiarize himself with "the standards for supplementing and amending a complaint before filing any such motion," Becker did not cite the applicable Federal Rules of Civil Procedure, relevant case law, or the standards for supplementation or amendment of pleadings. Doc. No. 34 at pg. 6. Instead, Becker cites Federal Rule of Evidence 201(b)(2), which is inapposite to the standards for supplementation and amendments.

Further, Becker has not provided any cognizable grounds to conclude that the decision of the Administrative Appeals Unit is relevant to or probative of any issue that remains in this case. To the extent Becker attempts to tie the AAU decision to his Fourth Amendment claim against Defendant McKenney in the context of Ex parte Young, his theory is unpersuasive. For that reason,

even if properly presented, Becker has not shown grounds to supplement his complaint with the AAU decision.

## CONCLUSION

For the foregoing reasons, the district judge should deny Terrence Becker's motion to supplement (Doc. No. 36). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

Dated:  January 27, 2026

cc:     Terrence Becker, pro se.
        Counsel of record.